UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                      No. 1:23-cr-40

v.                                      HON. JANE M. BECKERING
                                               United States District Judge

JOHN DAWOOD DALALY,

        Defendant.
_____/

## BRIEF IN SUPPORT OF UNITED STATES' MOTION FOR A DOWNWARD DEPARTURE

The United States moves for a two-level downward departure from defendant John Dalaly's final advisory range of imprisonment under the United States Sentencing Guidelines, as computed by the Court, pursuant to Guidelines § 5K1.1. This motion is based upon the substantial assistance he has provided law enforcement in the investigation and prosecution of the bribery case in which Dalaly participated.

    **I.    PROCEDURAL HISTORY**

On April 21, 2023, Dalaly pled guilty to a felony information charging him with one count of payment of a bribe, in violation of 18 U.S.C. § 666(a)(2). A Presentence Investigation Report ("PSR") was prepared, which calculates a total offense level of 21, a criminal history category of I, and a Guidelines range of 37 to 46 months, subject to a pending defense objection regarding a sentencing enhancement for paying a bribe to a public official in a high-level decision-making or sensitive position.

## II.     SECTION 5K1.1 AUTHORIZES A DOWNWARD DEPARTURE

Section 5K1.1 provides, in relevant part, that "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines." USSG § 5K1.1 (policy statement). "Whether, and to what extent, to grant a Section 5K1.1 motion" is within the sound discretion of the Court. *United States v. Rosenbaum*, 585 F.3d 259, 264 (6th Cir. 2009). However, a departure must be based solely upon the "substantial assistance" rendered by the defendant and must otherwise be reasonable. *United States v. Grant*, 636 F.3d 803, 816-17 (6th Cir. 2011).

## III.    THE DEFENDANT'S ASSISTANCE HAS BEEN SUBSTANTIAL

Dalaly, who was the co-founder of Company A (a marijuana license applicant) and Company B (a marijuana payments venture), participated in several proffer interviews with the FBI and federal prosecutors between October 7, 2022, and August 4, 2023. During the proffers, he admitted his role in, and implicated others involved in, the bribery offense and provided details of the offense previously unknown to the government. Dalaly admitted in his first proffer that he paid bribes to Rick Johnson, the Chair of Michigan's Medical Marijuana Licensing Board, on behalf of both of those companies. Although other witnesses previously admitted bribing Johnson on behalf of Company C, Dalaly provided a first-hand account of the bribe payments from Company A and Company B to Johnson before Johnson admitted to law enforcement that those payments were bribes.

Bank records showed the bribes were paid to a Johnson entity, JBJ Ranch, LLC, ostensibly for "accounting work" performed by Johnson's wife. Dalaly's admission that the payments were bribes was important evidence to help establish Johnson's criminal intent. In addition, the

2

government learned for the first time from Dalaly that Johnson provided Company A with inside information about marijuana license applicants who would not be approved by the Board. This information could be of use to Company A, which could leverage the information to purchase dispensaries from the failed applicants.

In the government's view, Dalaly's proffered statements about the offense conduct were materially consistent and he has taken responsibility for his role in the offense. He entered into a publicly filed plea agreement with cooperation provisions and a detailed factual basis that incriminated one of his co-defendants, Rick Johnson. As of the filing of this motion, Dalaly has complied with the cooperation provision of his plea agreement with the United States.

Accordingly, the government respectfully recommends that Dalaly receive a two-level departure from the total offense level calculated by the Court for his substantial assistance in the investigation and prosecution of another person who has committed an offense. Should the Court grant this motion and approve a two-level reduction, the defendant's advisory Guidelines range would be 30-37 months, corresponding to an offense level of 19 and a criminal history category of I.

                                        Respectfully submitted,

                                        MARK A. TOTTEN
                                        United States Attorney

Dated: August 31, 2023                /s/ Clay Stiffler
                                        CLAY STIFFLER
                                        Assistant United States Attorney

                                        /s/ Christopher M. O'Connor
                                        CHRISTOPHER M. O'CONNOR
                                        Assistant United States Attorney

                                        United States Attorney's Office
                                        P.O. Box 208
                                        Grand Rapids, Michigan 49501
                                        (616) 456-2404
                                        clay.stiffler@usdoj.gov
                                        christopher.oconnor@usdoj.gov